UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| SHANNON BILLY RILEY, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 6: 07-268-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Shannon Billy Riley's motion for a conditional writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Record Nos. 1 & 3] Consistent with local practice, the matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on October 22, 2007. [Record No. 4] Based on his review of the record and the applicable law, the Magistrate Judge recommended that the current action be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. On December 11, 2007, Riley filed objections to the Magistrate Judge's Recommended Disposition. The matter is now ripe for consideration.

Having reviewed *de novo* the portions of the Magistrate Judge's recommendations to which objections have been made, the Court concludes that the Petitioner's objections are without merit. Accordingly, the Court will adopt the Magistrate Judge's Recommended Disposition in full and

transfer this action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2244(b)(3).

**Relevant Facts and Recommended Disposition**

As outlined in the Magistrate Judge's Recommended Disposition, Riley was sentenced to a twenty-five year term of imprisonment after being convicted in the Knox Circuit Court of first degree bank robbery and being a persistent felony offender. The Supreme Court affirmed this conviction in August of 2004. Thereafter, the court denied Riley's untimely request for a rehearing. Riley did not pursue state collateral relief. Instead, Riley filed a *pro se* § 2254 habeas petition with this Court in June of 2005. Over the next two months, Riley submitted a series of amended petitions. And after the Magistrate Judge directed Riley to clarify his claims, the Petitioner submitted a third amended petition in December of 2005.

Following these submissions, the Magistrate Judge issued a lengthy Report and Recommendation that suggested that Riley's arguments be rejected on the merits. However, Riley objected to the report, arguing that the Magistrate Judge had misconstrued his final two claims.[1] However, Judge Karen Caldwell conducted a *de novo* review of the portions of the Report and Recommendations that were the subject of Riley's objections and determined that his assertions were without totally without merit. Additionally, the Court refused to issue a Certificate of Appealability.

---

[1] As explained in footnote three of the Magistrate Judge's Recommended Disposition, the Petitioner argued that the Report and Recommendation focused incorrectly on whether an actual conflict existed. Riley asserted that the "correct issue" was whether the trial court abused its discretion by failing to conduct an ex parte hearing on his request to discharge his attorney. The Magistrate Judge construed the third claim to allege that Riley's appellate counsel should have argued that the trial court directive that the Petitioner be shackled and gagged without a proper determination violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Riley filed an appeal of the Court determination to the United States Court of Appeals for the Sixth Circuit and sought a Certificate of Appealability from that court. However, the Sixth Circuit denied Riley's request, finding that jurists of reason would not disagree with the district court's resolution of Riley's grounds for relief. And although Riley moved for reconsideration, he later withdrew the motion and filed the present action with this Court.

As the Magistrate Judge correctly concluded in his Recommended Disposition, Riley's current petition constitutes a re-hash of his original objections to the original Report and Recommendations. And as the Magistrate Judge noted, Riley's proposed petition nevertheless must comply with 28 U.S.C. § 2244(b) which governs second or successive habeas applications. As noted in 28 U.S.C. § 2244(b)(3), a district court may not review a second or successive petition without prior authorization from the Sixth Circuit. *In re Bowling*, 422 F.3d 434, 439 (6th Cir. 2005).

With respect to Riley's contention that § 2244(b) is inapplicable because the District Court adjudicated the wrong claims (and, therefore, was not an adjudication *on the merits*), the Magistrate Judge correctly determined that his assertion is without merit. Judge Caldwell clearly considered – and rejected – Riley's argument that the Magistrate Judge's original Report and Recommendation misconstrued two habeas claims when she overruled his objections to the R&R. Additionally, the Sixth Circuit reviewed these claims and refused Riley's application for a Certificate of Appealability based on the district court's resolution of the issues raised by the Petitioner.

Neither the arguments nor cases cited in Riley's objections to the Magistrate Judge's Recommended Disposition alter the Court's conclusion that his current petition is essentially an attempt at a second bite of the apple. Again, Riley attempts to argue that Judge Caldwell erred in her original disposition of his petition by failing to correctly characterize claims contained in his first

-3-

petition. Neither Judge Caldwell, nor the Sixth Circuit agreed with this assertion when it was made in the initial petition. Likewise, the undersigned does not agree with it in Riley's current filing.[2]

As the Magistrate Judge correctly concluded, § 2244(b) applies to the conditional petition submitted by Riley. And under 28 U.S.C. § 2244 (b)(3), this Court clearly lacks authorization from the Sixth Circuit to proceed in this matter. Accordingly, pursuant to relevant authority, the matter must be transferred to the United States Court of Appeals for the Sixth Circuit. *In re Bowling*, 422 F.3d at 440; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**Conclusion**

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Petitioner's motion to obtain the video trial tape [Record No. 11] is **DENIED**;

2. The Magistrate Judge's Recommended Disposition is **ADOPTED** and **INCORPORATED** by reference;

3. The Petitioner's Objections to the Magistrate Judge's Recommended Disposition [Record No. 12] are **DENIED**; and

4. This matter is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2244(b)(3).

This 21st day of December, 2007.

---

[2] Although Riley has filed a fifteen-page pleading captioned as objections to the Magistrate Judge's Recommended Disposition, it is clear that these objections make the same arguments raised previously and rejected by Judge Caldwell and the Sixth Circuit. In addition, the Court finds Riley's assertions that the Magistrate Judge failed to make findings that he demands to be without merit. In addressing the legal issues raised herein, the Magistrate Judge is expected to address factual matters which are relevant to the legal issues presented. Magistrate Judge Wier has certainly performed this duty in the present case.



Signed By:

*Danny C. Reeves* DCR

United States District Judge